UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICTOR FARLEY, Public Administrator of
the County of Erie, as Administrator
of the Estate of Andrew M. Mutizira,
deceased,    03-CV-0344(Sr)

                Plaintiff,

GREYHOUND CANADA TRANSPORTATION
CORP., et al.,

                Defendants.

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #9.

Currently before the Court is defendants', Greyhound Canada Transportation, Corp., Greyhound Lines, Inc., and Jan Bandachowicz, motion for summary judgment. Dkt. #27. For the following reasons, defendants' motion for summary judgment is granted.

## BACKGROUND

Plaintiff, Victor Farley, Public Administrator of the County of Erie, as Administrator of the Estate of Andrew M. Mutizira, deceased, commenced this action on or about December 23, 2002 in New York State Supreme Court, Erie County. Dkt. #1.

Thereafter, on or about April 29, 2003, the action was removed to the United States District Court for the Western District of New York on the basis of complete diversity of citizenship between the parties. *Id*. An amended complaint was served and filed on or about August 28, 2003 seeking damages for pain, suffering, death and pecuniary losses by reason of the defendants' alleged negligence, gross negligence, recklessness, and wanton disregard for the safety of the general public. Dkt. #12.

It is undisputed that on January 2, 2001, defendant Jan Bandachowicz was employed as a driver for Greyhound Canada Transportation, Corp. and/or Greyhound Lines, Inc. (hereinafter collectively referred to as "Greyhound") and was driving from Canada to the United States via the Peace Bridge. Dkt. #27, ¶ 7. On that same day, Andrew M. Mutizira (hereinafter, "the decedent"), purchased a Greyhound bus ticket for travel from Niagara Falls, Ontario, Canada to Buffalo, New York. Dkt. #12, ¶ 16. Plaintiff alleges that at an unspecified time on January 2, 2001, defendant Bandachowicz or an agent, servant or employee of Greyhound, "assisted [the decedent] into a compartment on the bus for the purposes of assisting [the decedent] in gaining entrance to the United States."[1] *Id*. at ¶ 26.

---

[1] With the exception of this allegation set forth in the amended complaint and a footnote in plaintiff's memorandum of law submitted in opposition to defendants' motion for summary judgment, the record is devoid of any evidence in admissible form with respect to the alleged assistance the decedent may have received in gaining access to the "compartment." Dkt. #12; Dkt. #29, n.1.

-2-

When the bus arrived in Buffalo, New York via the Peace Bridge, the bus stopped at Immigration and all passengers on the bus disembarked. Dkt. #27, ¶ 8; Dkt. #27, Exhibit C, p.10. Defendant Bandachowicz then moved the bus approximately five meters and all the luggage was removed from the bus. Dkt. #27, ¶ 8; Dkt. #27, Exhibit C, p.11. Thereafter, at the direction of an Immigration official, defendant Bandachowicz again moved the bus forward a short distance. *Id*. When moving the bus forward the second time, defendant Bandachowicz heard something that he thought sounded like a transmission problem followed by a "boom, boom" sound. Dkt. #27, ¶ 9; Dkt. #27, Exhibit C, pp.47-48. Defendant Bandachowicz immediately stopped the bus and walked to the back of the bus where he saw change, shoes and a green passport on the ground. Dkt. #27, ¶ 9; Dkt. #27, Exhibit C, p.53. Another driver came to assist defendant Bandachowicz and saw the body of the decedent. *Id*.

Following the accident, the local police department and the United States Department of Justice (Immigration and Naturalization Service[2]) each conducted an investigation. The police report described the accident stating, "victim was a possible stowaway and was hiding underneath the bus when he got caught on the rear axles [sic] of the bus, causing death." Dkt. #27, ¶ 11; Dkt. #27, Exhibit D. The Erie County Medical Examiner's Office issued a Certificate of Death on January 3, 2001 and concluded that the manner of death was accidental and that the cause of death was "multiple blunt force injury to head, chest, right upper and left lower extremity." Dkt.

---

[2] Now known as the Department of Homeland Security, Immigration and Customs Enforcement.

#27, ¶ 12; Dkt. #27, Exhibit E.  The United States Department of Justice investigation revealed that the decedent had attempted to enter the United States on January 1, 2001 at the Detroit International Bridge and was refused entry.  Dkt. #27, ¶ 13; Dkt. #27, Exhibit F.  The Department of Justice investigation further noted that the decedent was discovered "engaged in the rear axle of the bus."  Dkt. #27, ¶ 14; Dkt. #27, Exhibit F.  Finally, the Department of Justice investigation report stated, "[b]ased upon statements made by witness [sic] and the nature of [the decedent's] attempted entry into the United States, it is very unlikely that [the decedent] could have secure [sic] access to the rear compartment of the bus without the assistance of some other individual or individuals."  Dkt. #27, Exhibit F.

## DISCUSSION AND ANALYSIS

**Application of New York Law**

Where, as here, jurisdiction is based on diversity of citizenship of the parties, this Court must apply the substantive law of the forum state, *to wit*, New York.[3]  "Federal courts sitting in diversity cases will, of course, apply the substantive law of the forum State on outcome determinative issues."  *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994), *citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

---

[3] Defendants' memorandum of law submitted in support of the instant motion for summary judgment discusses the "jurisdictional and choice of law issues" associated with this case.  The Court notes, however, that there is no dispute between the parties as to the jurisdiction, venue and choice of law applicable to this case.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of

conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment,

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).


**The Decedent's Own Willful Behavior Was the Cause of His Death**

As a matter of public policy, New York precludes the award of damages to a plaintiff who is injured during the course of knowingly and intentionally committing serious criminal acts.[4] This long-standing rule, however, will not be applied where the

---

[4] *Manning by Manning v. Brown*, 91 N.Y.2d 116 (1997) (affirming summary judgment in favor of defendants where plaintiff injured while illegally joyriding); *Barker v. Kallash*, 63 N.Y.2d 19 (1984) (affirming summary judgment in favor of defendants where plaintiff injured while constructing pipe bomb); *Moore v. County of Suffolk*, 11 A.D.3d 591 (2nd Dep't 2004) (reversing denial of summary judgment and ordering complaint dismissed where plaintiff injured while resisting arrest); *Mooney v. Long Island R.R.*, 305 A.D.2d 560 (2nd Dep't 2003) (affirming summary judgment in favor of defendants where sole proximate cause of infant plaintiffs' injuries was reckless behavior in proceeding around a safety gate and crossing railroad tracks); *Gaither v. City of New York*, 300 A.D.2d 255 (1st Dep't 2002) (affirming summary judgment in favor of defendant where "the proximate cause of decedent's death was his own willful behavior in engaging in the hazardous and illegal activity known as 'elevator surfing'"); *Johnson v. State of New York*, 253 A.D.2d 274 (3rd Dep't 1999) (affirming Court of Claims' finding of no liability where decedent's death was result of escape from police custody); *Matter of Graphic Arts Mut. Ins. Co. (Leno)*, 251 A.D.2d 981 (4th Dep't 1998) (affirming permanent stay of arbitration where plaintiffs injured while engaged in crime of unauthorized use of motor vehicle); *Hyland v. Calace*, 244 A.D.2d 318 (2nd Dep't 1997) (affirming summary judgment in favor of defendant where decedent, driving while intoxicated, drove off highway); *de Peña v. New York City Transit Authority*, 236 A.D.2d 209 (1st Dep't 1997) (reversing denial of summary judgment where decedent killed while walking in restricted subway tunnel); *Phifer v. State of New York*, 204 A.D.2d 612 (2nd Dep't 1994) (affirming summary judgment in favor of defendants where decedent killed

plaintiff's illegal conduct is not sufficiently serious to warrant precluding recovery. *Firmes v. Chase Manhattan Automotive Finance Corp.*, 50 A.D.3d 18 (2nd Dep't 2008) (rejecting argument that plaintiff's conduct operating his motorcycle without a valid license, registration or insurance is sufficiently serious to completely bar recovery on public policy grounds). Here, there can be no dispute, the decedent's conduct at the time of his death, attempting to illegally enter the United States by eluding examination or inspection by immigration officers, is a serious criminal act for which federal prosecution would have likely ensued had the decedent survived. Title 8, United States Code, Section 1325 prohibits the following conduct

> [a]ny alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1325.

In opposition to defendants' motion for summary judgment, plaintiff principally relies on *Alami v. Volkswagen of America*, Inc., 97 N.Y.2d 281 (2002) in an effort to persuade this Court that the estate of the decedent should not be precluded from recovering damages simply because the decedent was killed while committing an

---

crashing stolen vehicle); *LaPage v. Smith*, 166 A.D.2d 831 (3rd Dep't 1990) (reversing denial of summary judgment where intoxicated decedent killed during 100 mph car race).

illegal act. Plaintiff's reliance on *Alami* is misplaced. Contrary to plaintiff's counsel's creative reading of the decision in *Alami*, the New York Court of Appeals found that a driver's intoxication did not bar him from seeking recovery from the vehicle manufacturer for product/design defects which may have exacerbated the seriousness of plaintiff's injuries following impact. Notably, plaintiff ignores a critical difference between the instant case and *Alami*; in the instant case, plaintiff does not allege that there were any defects related to the design or manufacture of the Greyhound bus. Moreover, plaintiff ignores the fact that the record before this Court is replete with evidence that the sole proximate cause of decedent's injury and death was the decedent's own illegal conduct, *to wit*, to stow away in a compartment beneath the Greyhound bus in an effort to elude examination or inspection by immigration officers. Plaintiff's suggestion, absent any evidence in admissible form, that the driver of the Greyhound bus, defendant Bandachowicz, may have assisted the decedent in accessing the compartment, is insufficient to defeat defendants' motion for summary judgment.

**The Decedent's Conduct Was Unforeseeable**

As an alternative basis for summary judgment, defendants argue that the decedent's conduct and resulting injuries were not foreseeable and therefore, the defendants did not breach a duty to the decedent. Dkt. ## 28 and 33. In sharp contrast, plaintiff maintains that "stowaways at border crossings are not only foreseeable, but expected." Dkt. #29, p.6. There is no dispute, "[a] private carrier owes

a duty to exercise reasonable care for the safety of its passengers." *Kelly v. Otis*, 190 A.D.2d 1056 (4th Dept 1993). That duty, however, "does not extend, [ ], to circumstances that could not be reasonably foreseen by the carrier ...." *Id*. Here, notwithstanding the fact that the decedent purchased a bus ticket, the decedent was not a known passenger seated on the bus, the decedent's location was not known to the defendants and the decedent was engaged in illegal activity that resulted in his death. Other than plaintiff's untenable position that a stowaway is foreseeable, there is nothing in the record before this Court sufficient to support a finding that there are issues of fact that require the denial of defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, defendants', Greyhound Canada Transportation Corp., Greyhound Lines, Inc. and Jan Bandachowicz, motion for summary judgment (Dkt. #27) is **GRANTED**.

**SO ORDERED.**

DATED: Buffalo, New York
June 25, 2009

> **s/ H. Kenneth Schroeder, Jr.**
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**